# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

STEPHEN M. GARRISON,

            Petitioner,     :     Case No. 2:18-cv-1152

  - vs -                              District Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                               :
            Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought by Petitioner Stephen M. Garrison *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Muskingum County, Ohio, Court of Common Pleas on February 15, 2017 (Petition, ECF No. 3, PageID 37, ¶¶ 1-2). On order of Magistrate Judge Kimberly Jolson (ECF No. 2), the Respondent has filed the State Court Record (ECF No. 7) and a Return of Writ (ECF No. 8). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in the District (ECF No. 13). Petitioner filed a Reply (ECF No. 14), and the Court ordered Respondent to expand the record (ECF No. 15), which has now been done (ECF No. 16), making the case ripe for decision.

**Litigation History**

Garrison was indicted by a Muskingum County, Ohio, grand jury on one count of domestic violence with the specification that he had two or more prior domestic violence convictions. Convicted by a trial jury, he was sentenced to thirty-six months imprisonment. He took a direct appeal to the Ohio Court of Appeals, which affirmed the conviction and sentence. *State v. Garrison*, 5th Dist. Muskingum No. CT2017-18, 2018-Ohio-463, ¶¶ 6, 8, 64 (Feb. 2, 2018). Garrison did not timely appeal to the Supreme Court of Ohio, and that court denied his motion for delayed appeal. *State v. Garrison*, 153 Ohio St. 3d 1429, 2018-Ohio-2418. Garrison next filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One**: The trial court erred by admitting State's Exhibits One (1) through Five (5), in violation of Evid. R. 402. And 403, and in violation of equivalent and corresponding federal rules 402 and 403, as these exhibits did not accurately depict the contents purported and is a violation petitioner's right to a fair and impartial trial.
>
> **Ground Two:** The trial court violated petitioner's rights protected by the Sixth and Fourteenth Amendments to due process and the right to a fair trial when the trial court neglected to present the jury with jury instructions. Namely, the lesser included offenses [specifically, disorderly conduct] and self-defense when the evidence at trial warranted both.
>
> **Ground Three**: Petitioner's [sic] was deprived of his constitutional right to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and made applicable to the States through the Fourteenth Amendment; in violation of Article 10, Section 1 of the Ohio Constitution.
>
> **Ground Four:** The petitioner's guilty verdict for domestic violence does not meet the sufficiency of the evidence and is contrary to law.
>
> **Ground Five:** The trial court erred when it imposed the maximum consecutive sentence of thirty six months in violation of the Sixth Amendment as well as due process violations arising from the trial

>court's failure to afford him the required protections of Ohio law
>when imposing a maximum sentence.

(Petition, ECF No. 3, PageID 42, 45, 48, 52, 55). The Petition contains extensive pleading of supporting facts which are not repeated here.

## Analysis

Respondent asserts all of Garrison's five grounds for relief are barred by his procedural default in failing to present them to the Supreme Court of Ohio (Return of Writ, ECF No. 8, PageID 600, et seq.) Garrison responds that he "will not only demonstrate cause for any perceived default and actual prejudice, but additionally, will demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." (Traverse, ECF No. 14, PageID 657).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Engle v. Isaac*, 456 U.S. 107, 110 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

3

habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (quoting *Gravley v. Mills*, 87 F.3d 779, 784 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S. at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*, 433 U.S. 72; accord: *Murray*, 477 U.S. at 485; *Mapes v. Coyle*,

4

171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan,* 526 U.S. at 846-47); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden., S. Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Respondent bases his procedural default defense on Garrison's failure to timely file an appeal to the Supreme Court of Ohio; specifically, Respondent argues, "Garrison's failure to file a timely appeal in the Supreme Court of Ohio meets the first three factors for procedural default" under *Maupin* (Return, ECF No. 8, PageID 602).

There is no doubt that Ohio has a relevant procedural rule, to wit, the requirement that an appeal in a felony case from an intermediate court of appeals judgment must be filed not later than forty-five days after the judgment. Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(1). Failure to file a notice of appeal within that time "divest[s] the Supreme Court of jurisdiction to hear the appeal" unless a motion for delayed appeal in a felony case is granted. Ohio S.Ct.Prac.R. 7.01(A)(1)(b).

The record shows that the Fifth District Court of Appeals decided the direct appeal on February 2, 2018. *Garrison*, 2018-Ohio-463. The forty-fifth day after that was March 19, 2018. Garrison's Notice of Appeal and Motion for Delayed Appeal were first received in the Supreme

Court of Ohio on April 23, 2018, but not actually filed until May 10, 2018 (Notice of Appeal, State Court Record, ECF No. 7, Exs. 12-13, PageID 171-73).

In his Affidavit in support of his Motion for Delayed Appeal, signed May 2, 2018, Garrison acknowledges that his filing deadline was March 19, 2018 (State Court Record, ECF No. 7, Ex. 13, PageID 179). He claims he had prepared the Notice and the required memorandum in support of jurisdiction before that date, but

> I did not have the needed funds to process the payment for the postage to mail the notice of appeal and memorandum in support of jurisdiction. As there is a provision that I may mail these documents without the funds readily available, by special permission from the institutional inspector, in this case, his name is Mr. Haley.
>
> Mr. Haley approved the removal of the funds and agreed to have the mail processed for delivery. However, there was a fundamental breakdown in communication between Mr. Haley's office and the package/mailroom. The mailroom at the institution returned the documents I had perfected, not once, but twice stating that there was insufficient funds to process the postage cost.
>
> I alerted Mr. Haley to the problem and he again contacted the mailroom where my perfected notice of appeal and memorandum in support of jurisdiction was finally mailed.

*Id.*

Garrison acknowledges that the Supreme Court Clerk returned his initial mailing because it was not accompanied by Garrison's Affidavit, which was not in fact signed and notarized until May 2, 2018. *Id.* Ohio S.Ct.Prac.R. 7.01(A)(4)(a)(2) requires that a motion for delayed appeal be accompanied by an affidavit containing the facts supporting the motion. The Supreme Court of Ohio did not accept Garrison's reasons and denied the Motion for Delayed Appeal on June 27, 2018. 153 Ohio St. 3d 1429, 2018-Ohio-2418. Garrison's failure to file between April 23, 2018, and May 10, 2018, is chargeable to his failure to include the required affidavit.

7

Garrison asserts the time between March 19, 2018 (when his appeal was due), and April 23, 2018 (when it was actually received by the Supreme Court Clerk) is chargeable to the State of Ohio because of the facts recited above. In his Reply he states he had his appeal papers ready thirteen days before the deadline. He claims he is "indigent, by the very definition of the law," and therefore needed and received approval of this legal mailing at state expense. He claims that thereafter communications broke down between the inspector, Patrick Haley, and the other institutional personnel who should have done the mailing (ECF No. 14, PageID 666).

Mr. Haley tells a different story. His Affidavit indicates Garrison was not indigent by the definition of indigency in the prison regulations applicable to these circumstances.

> An inmate is considered indigent if, during the 30 days immediately preceding the request for free mailing, the inmate has earned or received less than $12.00 and if the inmate's account balance has not exceeded $12.00 at any time during the 30 days immediately preceding the request. According to Garrisons' Inmate Demand Statement which I recently again reviewed, Garrison had more than $12.00 as of March 9, 2018, when he received $20.00 of state pay and spent $9.48 at the Commissary on March 14, 2018, as I noted in my response to Garrison's grievance at the time. Garrison attempted to get a benefit he was not entitled to, and so I denied his grievance.

(State Court Record, ECF No. 16-1, Ex. 15, PageID 833) A habeas petitioner "can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); accord *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), citing *Murray*, 477 U.S. at 485. When the asserted cause is ineffective assistance of trial counsel, the petitioner need not satisfy the heightened 28 U.S.C. § 2254(d)(1) standard. *Vasbinder*, 563 F.3d at 236-37. "To establish cause," Petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007). Garrison has not shown cause to excuse his procedural default because his failure to file a timely appeal to the Supreme Court of Ohio resulted from his failure to retain enough

money from his state pay to pay for the postage for the appeal.

Garrison also claims entitlement to the "miscarriage of justice" exception to procedural default (Reply, ECF No. 14, PageID 672-73). His asserted basis for application of this exception is that he is innocent of the crime for which he was convicted. "The miscarriage of justice standard" may not be met "in the absence of a strong showing of actual innocence." *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998). In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Id*. at 590 (footnote omitted). Garrison has produced no new evidence of the sort contemplated by *Souter* and *Schlup*, and thus is not entitled to excuse his procedural default in this way.

**Conclusion**

Petitioner procedurally defaulted in presenting his claims to the Ohio courts. On that basis, the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 18, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).