# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

STEPHEN M. GARRISON,

        Petitioner,    :    Case No. 2:18-cv-1152

  - vs -                      Chief Judge Algenon L. Marbley
                              Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                :

        Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objection ("Objection," ECF No. 35) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 32) as well as his Objections (ECF No. 30) to the Magistrate Judge's Substituted Report and Recommendations ("Substituted Report," ECF No. 25).

The assigned District Judge is required to review *de novo* any portions of a Magistrate Judge's report and recommendations to which specific objection is made. Fed.R.Civ.P. 72(b)(3). Having done so, the Court concludes the Supplemental Report and Substituted Report should be adopted for the reasons set forth below.

1

**Ground One:  Improper Admission of Photographs**

In his First Ground for Relief, Garrison claimed five photographs of the victim taken by the investigating Deputy Sheriff should not have been admitted in evidence.  The Magistrate Judge agreed with Respondent that this was an issue of Ohio evidence law not cognizable in habeas corpus (Substituted Report ECF No. 25, PageID 944).  The Magistrate Judge adhered to this conclusion on recommittal (Supplemental Report, ECF No. 32, PageID 1033).

Garrison objects that the Magistrate Judge has *sua sponte* raised a procedural default defense to this Ground for Relief in the Supplemental Report and argues at length that raising the defense *sua sponte* is improper and prejudicial (Objection, ECF No.  35, PageID 1053-60).

The Court notes that the Magistrate Judge's invocation of procedural default was in response to Garrison's argument that the Fifth District had not actually decided his due process claim related to admission of the photographs and this Court should therefore not defer to its decision under 28 U.S.C. § 2254(d)(1).  Taking Garrison at his word (i.e., that no merits decision was made in state court), the Magistrate Judge noted the Court could find Garrison had defaulted the claim by not fairly presenting it and cited authority for raising the procedural default *sua sponte* (Supplemental Report, ECF No. 32, PageID 1032-33).  Garrison quarrels with that authority.

Garrison cannot have it both ways.  If he fairly presented his due process claim about the photographs to the Fifth District and they decided it on the merits, then their decision must be reviewed deferentially under 28 U.S.C. § 2254(d)(1).  Respondent defended on that basis.  In his Substituted Report, the Magistrate Judge recommended a deferential merits decision and he did not retreat from the position in the Supplemental Report, although he offered a procedural default analysis in the alternative.

Putting any possible procedural default aside, the Court finds the Fifth District's decision is not an unreasonable application of clearly established Supreme Court precedent. Even without any AEDPA deference, Garrison has failed to show how admission of photographs of the victim which admittedly do not show injuries as severe as Deputy Hamilton testified to could somehow violate the Due Process Clause of the Fourteenth Amendment.

**Ground Two: Failure to Instruct on Disorderly Conduct as a Lesser Included Offense or on Self-Defense**

#

Garrison was tried for and convicted of domestic violence. In his Second Ground for Relief, Garrison claimed he was entitled to a lesser-included-offense instruction on disorderly conduct and also to a self-defense instruction. Respondent defended on procedural default grounds, to wit, no contemporaneous objection, and on the merits.

The Magistrate Judge agreed the claim had been forfeited by lack of contemporaneous objection (Substituted Report, ECF No. 25, PageID 951-56). He also concluded the claim was without merit. *Id.* at PageID 956-57. The Magistrate Judge adhered to this conclusion on recommittal (Supplemental Report, ECF No. 32, PageID 1034).

In his current Objections, Garrison asserts it was ineffective assistance of trial counsel for his trial attorney not to make a contemporaneous objection to the instructions and this would excuse the procedural default of this Ground. The Magistrate Judge had found that because the Fifth District had found this claim had no merit, it could not have been ineffective assistance of trial counsel to fail to raise it.

Garrison objects that the Fifth District did not employ the required standard from *Strickland v. Washington,* 466 U.S. 668 (1984), in deciding his ineffective assistance of trial counsel claim

3

(Objection, ECF No. 35, PageID 1061).  In fact, the Fifth District cited *Strickland* and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), which incorporated *Strickland* into Ohio jurisprudence, and paraphrased their holdings as follows:  "In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."  *Garrison*, 2018-Ohio-4463, ¶ 25.

As to the merits of the two omitted instructions, the Fifth District concluded:

> **[\*P37]** Finally, Appellant argues counsel was ineffective for failing to request jury instructions for the lesser-included offense of disorderly conduct or self-defense. As discussed in Appellant's second assignment of error earlier in this opinion, the evidence in the case did not support either instruction. Appellant has not demonstrated [that] had counsel requested either instruction, the result of the proceeding would have been different.

*Id.*  That is plainly a merits decision on the omitted instructions and supports the Magistrate Judge's conclusion that it was not ineffective assistance of trial counsel to fail to request them.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Garrison argued he received ineffective assistance of trial counsel, both cumulatively and in particular specific respects.  Respondent asserted the cumulative error claim was procedurally defaulted for lack of presentation to the state courts and that the Ohio Fifth District Court of Appeals decision on the balance of the claim was entitled to deference under 28 U.S.C. § 2254(d)(1).  The Magistrate Judge concluded that the Fifth District's decision was not an unreasonable application of the governing standard for ineffective assistance of trial counsel

4

claims adopted in *Strickland v. Washington,* 466 U.S. 668 (1984).[1] The Magistrate Judge adhered to this conclusion on recommittal (Supplemental Report, ECF No. 32, PageID 1039).

Garrison objects, claiming again that the Fifth District did not correctly apply both prongs of *Strickland*. After quoting the paragraph from their opinion that sets forth the two-pronged test, he claims

> This was in fact an error. A strong showing on one prong can go a long way in establishing the other prong. Therefore, the Fifth District would be required to examine both aspects of the *Strickland* standard. It is not a casual error. The Fifth District as it relates to some of the claims stated, "Appellant has not demonstrated prejudice." However, did not state this as a component of the standard. There is no indication from the Fifth District on whether or not their decision regarding any aspect of prejudice comports with *Strickland*.

(Objection, ECF No. 35, PageID 1067.) Garrison cites no authority for the proposition that a strong showing on one prong of the *Strickland* test helps establish the other prong and none is known to the Court. And there could hardly be a more direct holding on the second prong than "appellant has not demonstrated prejudice."

The Supreme Court's more recent holding in *Harrington v. Richter*, 562 U.S. 86 (2011), is instructive on the burden of proving prejudice from deficient performance.

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S.Ct. 2052, 80 L.Ed 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest

---

[1] The Magistrate Judge concluded *Strickland* was binding precedent despite Garrison's argument that the *Strickland* standard was arbitrary and capricious. (Substitued Report, ECF No. 25, PageID 965.)

5

> case." *Id*., at 693, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Id.* at 111-12.

As noted in the Substituted Report, Garrison made eleven sub-claims of ineffective assistance of trial counsel, each of which the Fifth District and the Magistrate Judge rejected. They are considered *seriatim*.

**First Sub-claim: Failure to recite the reasonable doubt standard in voir dire or opening statement.**

As to this sub-claim, Garrison notes the Magistrate Judge found the Fifth District only analyzed the prejudice prong of *Strickland* and claims this was error (ECF No. 35, PageID 1070). But the Supreme Court in *Strickland* itself approves this approach:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697.

Garrison asserts the Fifth District was "required to examine prejudice in a certain and prescribed manner, which it emphatically did not do." (ECF No. 35, PageID 1070.) On this point

6

the Fifth District's decision reads:

> The trial court instructed the jury, "The Defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged in the indictment." Tr. 347. A jury is presumed to follow the instructions given it by a trial judge. E.g., *State v. Garner,* 74 Ohio St.3d 49, 1995-Ohio-168, 656 N.E.2d 623. Therefore, Appellant has not demonstrated if counsel had raised this issue to the jury during voir dire or opening statement, the result of the proceeding would have been different.

*Garrison*, 2018-Ohio-463, ¶ 26.  Stated in other words, this is a holding that, because the jury is presumed to follow instructions given by the judge, there is no demonstrated prejudice from counsel's failure to remind them of this during voir dire and closing.  The Court is unaware of any required process for finding lack of prejudice which is not shown in this paragraph.

**Second Sub-claim:  Failure to develop Phil Smith's testimony about bruising.**

Garrison offers no new argument on his second sub-claim.

**Third, Fifth, and Sixth Sub-claims:  Faulty Examination of Deputy Hamilton on Bruising.**

As to sub-claims three, five, and six, all of which relate to counsel's allegedly ineffective cross-examination of Deputy Hamilton, Garrison admits that the scope of cross-examination is usually a matter within the tactical discretion of the trial attorney.  Not here, he claims because his attorney "failed to develop the fact that the bruising is a result of the domestic violence for which Garrison was indicted. This would in fact demonstrate that the bruise was or was not the result of the alleged incident."  (ECF No. 35, PageID 1071.)  Garrison does not claim that his attorney knew

7

the answer would be favorable to Garrison. Without that knowledge, asking this prosecution witness about the bruising would have violated the first rule of cross-examination: do not ask a question to which you do not know the answer.

**Fourth Sub-claim: Failure to Introduce a Medical Expert's Evaluation of the Bruising Photographs.**

In his fourth sub-claim, Garrison asserted he received ineffective assistance of trial counsel when his trial attorney failed to obtain and introduce a medical expert's evaluation of the bruising photographs. The Magistrate Judge rejected this claim as speculative because Garrison never provided the Ohio courts with proof of what such an evaluation would have shown. Garrison objects by citing general law on the subject, but does not point to any record proof of what an expert would have said (ECF No. 35, PageID 1072-74).

**Seventh Sub-Claim: Stipulation to Prior Convictions.**

Garrison was indicted for domestic violence with the specification that he had prior convictions for domestic violence. His attorney stipulated to those prior convictions rather than requiring the State to prove them. In the Substituted Report, the Magistrate Judge noted that the prior convictions had to be proved as elements of the case because they enhanced the maximum penalty possible (ECF No. 25, PageID 969). Without the stipulation, there was the possibility of damaging testimony about the prior cases.

Garrison objects that this is just a backdoor way of getting prior bad acts before the jury:

> The protections erected by the Supreme Court are completely eroded away with this type of backdoor statutes [sic]. The

8

> protections are (and certainly not limited to) what the constitution outlines, what Supreme Court precedent has set forth, and those protections of specific jury instructions. The mere fact that Garrison's two prior convictions for domestic violence are or were admissible to prove the specification in the indictment that he had prior convictions, an element of the case, is clearly a violation of his rights, a violation of those protections to ensure that the outcome of a trial can be relied upon, and in this particular case, results in a conviction that is unjust and a miscarriage of justice.

(ECF No. 35, PageID 1075-76.) The mistake here lies in believing admission of propensity evidence violates the Constitution in and of itself. However, "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62, 75 n.5 (1991).

**Eighth and Ninth Sub-claims: Calling Detective Welker to Testify.**

In his Eighth and Ninth sub-claims, Garrison asserted he received ineffective assistance of trial counsel when his attorney called Detective Welker to testify. The Fifth District found no prejudice and the Magistrate Judge recommended deferring to that decision.

Garrison complains that the Fifth District here again used the wrong *Strickland* standard when it found, "Appellant has not demonstrated [that] in the absence of this testimony concerning an unknown possible witness, **the result of the trial would have been different."** (ECF No. 35, PageID 1077, bold face in the Objections.) Garrison notes that the standard is whether there is a "reasonable probability" the result would have been different.

This Court declines to reverse the Fifth District for using shorthand in describing the

9

standard. There is no evidence the Fifth District found there was a reasonable probability of a different result but affirmed because Garrison had not proven that probability was a certainty. Even if this Court were to review this claim *de novo* rather than deferentially, it would conclude Garrison had not proven there is a reasonable probability of a different result.

**Tenth and Eleventh Sub-claims:  Calling Garrison to the stand to testify, and failure to request jury instructions on lesser-included offenses and self-defense.**

Garrison's tenth and eleventh sub-claims do not require analysis beyond what the Magistrate Judge has given.

**Ground Four:  Insufficiency of the Evidence**

In his Fourth Ground for Relief Garrison claimed there was insufficient evidence to convict, asserting that his manifest weight assignment of error in the Fifth District preserved this claim.

Garrison also asserted that he had been acquitted of domestic violence on this victim in another case when the State failed to show the victim was a family or household member. The Magistrate Judge noted that this claim – that the State had not proven the victim was a member of the family or household of Garrison -- had never been presented in the state courts and was therefore procedurally defaulted (Substituted Report, ECF No. 25, PageID 975.) The Magistrate Judge adhered to this conclusion on recommittal (Supplemental Report, ECF No. 32, PageID 1039).

Garrison's Objections attempt to gloss over the differences between a manifest weight claim and an insufficiency of the evidence claim. The Fifth District's opinion makes clear it was deciding only a manifest weight claim. To the extent Garrison raises here an insufficiency claim, the Fifth District's opinion cites direct evidence from two witnesses of Garrison's assault on the victim. Furthermore, Garrison cites no place in the record of this case where he claimed in the Ohio courts that there was insufficient evidence of the element of N.D. being a family or household member. Garrison's Objections on the Fourth Ground for Relief are overruled.

**Ground Five: Lack of Due Process in Imposing Maximum Sentence**

In his Fifth Ground for Relief Garrison claimed he had been deprived of due process when the state trial court did not follow Ohio law in imposing the maximum sentence. The Magistrate Judge noted that there is no due process obligation on a State to follow all state procedural rules and that Garrison had pointed to no Supreme Court precedent which would make his sentencing unconstitutional (Substituted Report, ECF No. 25, PageID 977-78). Garrison objected that the Court could now find such a due process obligation, relying on *Matthews v. Eldredge*, 424 U.S. 319 (1976). On recommittal, the Magistrate Judge noted that district courts cannot recognize new due process violations in habeas corpus, and can only grant relief if the state court decision is contrary to or unreasonably applies Supreme Court precedent that is already clearly established (Supplemental Report, ECF No. 32, PageID 1040).

Garrison objects that the sentencing judge relied on purported facts that are not true. He claims that this error cannot be corrected by the Fifth District's concluding that there were facts about Garrison's prior record that justified the sentence imposed.

11

Garrison argues that the Supreme Court of the United States has in fact reviewed Ohio sentencing statutes, citing *Campbell v. Ohio*, 138 S.Ct. 1059 (2018). In that case the Supreme Court unanimously declined to grant certiorari to review a sentence of life without parole imposed under Ohio Revised Code § 2953.08. The language quoted by Garrison is from Justice Sotomayor's concurrence in denial of certiorari, expressing her own opinion about the life without parole sentence imposed in that case where Ohio Revised Code § 2953.08 purports to forbid a review in the Ohio courts. Nothing in Justice Sotomayor's opinion suggests District Courts sitting in habeas corpus can review state court sentences to determine whether the sentencing judge has followed state law.[2] Furthermore, *Maryland v. Baltimore Radio Show*, 338 U.S. 912, 917 (1950) "counsels against according the denial of certiorari any precedential value. Concomitantly, opinions accompanying the denial of certiorari cannot have the same effect as decisions on the merits." *Teague v. Lane*, 489 U.S. 288, 296 (1989). Thus, Justice Sotomayor's opinion is not the "clearly established Federal law, as determined by the Supreme Court of the United States" upon which habeas relief may be granted under the AEDPA. 28 U.S.C. § 2254(d)(1).

Garrison also relies on *United States v. Booker*, 543 U.S. 220 (2005), where the Supreme Court declared the federal Sentencing Guidelines to be advisory rather than mandatory. Nothing in *Booker*, with which this Court is very familiar, suggests habeas courts have the authority to review state sentences for compliance with state law.

Finally, Garrison relies on Justice Black's concurrence in *Rochin v. California,* 342 U.S. 165 (1952), in which, consistent with his usual stance, he opposed expanding the Due Process Clause to invalidate state laws or conduct that "shocks the conscience." Justice Black's concurrence in *Rochin* is hardly a basis for expanding District Court authority to review state

---

[2] An important exception would be a case where a state court judge imposed a sentence in excess of the maximum provided by statute. That issue does not arise in this case.

12

sentences for compliance with state law.  Like Justice Sotomayor's opinion on an order denying certiorari, Justice Black's concurrence, which it should be noted was not joined by any other Justice, is not the "clearly established Federal law, as determined by the Supreme Court of the United States" upon which habeas relief may be granted under the AEDPA.

Garrison's Objections on the Fifth Ground for Relief are overruled.

**Conclusion**

Having conducted the required *de novo* review, the Court concludes Petitioner's Objections are not well taken and they are hereby OVERRULED.  The Magistrate Judge's Substituted Report and Recommendations and Supplemental Report and Recommendations are ADOPTED and the Petition is hereby ordered DISMISSED WITH PREJUDICE.  The Clerk will enter judgment accordingly.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

DATED:  April 28, 2020

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Algenon L. Marbley, Chief Judge